UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ANTOLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REBEKAH LATHAM, et al.,<br><br>　　　　Defendants. | No.  2:15-cv-1730-KJM-EFB PS<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

　　　On August 21, 2015, defendants moved to dismiss this action, and noticed their motions for hearing on October 21, 2015.  ECF Nos. 5, 6.

　　　Court records reflect that plaintiff has not filed an opposition or statement of non-opposition to the motions.[1]  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by October 7, 2015.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

---

[1] Defendants filed notices with the court indicating that the motions were served on plaintiff at his address of record, but were returned with the Postal Service's endorsement "Return to Sender, Unable to Forward."  ECF No. 12, 13.  Although defendants' motions were returned, plaintiff was properly served.  It is the plaintiff's responsibility to keep the court and parties apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

1   Local Rule 183, governing persons appearing in pro se, provides that failure to comply
2   with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal,
3   judgment by default, or other appropriate sanctions.  Local Rule 110 provides that failure to
4   comply with the Local Rules "may be grounds for imposition by the Court of any and all
5   sanctions authorized by statute or Rule or within the inherent power of the Court."  *See also*
6   *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules
7   is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even
8   though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th
9   Cir. 1987).

   Accordingly, good cause appearing, it is hereby ORDERED that:

   1. The hearing on defendants' motion for dismiss (ECF Nos. 5, 6) is continued to November 18, 2015.

   2. Plaintiff shall show cause, in writing, no later than November 4, 2015, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

   3. Plaintiff shall file an opposition to the motions, or a statement of non-opposition thereto, no later than November 4, 2015.

   4. Failure of to file an opposition to the motions will be deemed a statement of non-opposition thereto, and may result in a recommendation that this this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.  *See* Fed. R. Civ. P. 41(b).

   5. Defendants may file a reply to plaintiff's opposition, if any, on or before November 10, 2015.

DATED:  October 19, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2